1 | GARY P. BURCHAM
California Bar No. 190780
2 | 964 Fifth Avenue; Suite 300
San Diego, CA 92101
3 | Telephone: (619) 699-5930

4 | Attorney for Jose Alberto Villasenor

5

6

7

8 |                    UNITED STATES DISTRICT COURT

9 |                   SOUTHERN DISTRICT OF CALIFORNIA

10 |                     (HONORABLE MARILYN L. HUFF)

11 | UNITED STATES OF AMERICA,        )  Case No. 08CR2205-MLH
                                     )
12 |            Plaintiff,            )  Date: August 18, 2008
                                     )  Time: 2:00 p.m.
13 | v.                              )
                                     )  **NOTICE OF MOTIONS AND MOTIONS**
14 | JOSE ALBERTO VILLASENOR,         )  **TO:**
                                     )
15 |            Defendant.            )  **1) COMPEL DISCOVERY;**
                                     )  **2) FILE FURTHER MOTIONS**
16 |                                  )
                                     )
17 | _____)

TO:        KAREN P. HEWITT, UNITED STATES ATTORNEY, and
18 |           LUELLA CALDITO, ASSISTANT UNITED STATES ATTORNEY

19 |           PLEASE TAKE NOTICE that on Monday, August 18, 2008, 2:00 p.m.,

20 | or as soon thereafter as counsel may be heard, the defendant, Jose

21 | Alberto Villasenor, by and through his attorney, Gary P. Burcham, will

22 | ask this Court to enter an order granting the motions listed below.

23 | //

24 | //

25 | //

26 | //

27 | //

28 | //

1 | **MOTIONS**

2        Jose Alberto Villasenor, the defendant in this case, by and

3 through his attorney, Gary P. Burcham, pursuant to the Amendments to the

4 United States Constitution, Fed. R. Crim. P., and all other applicable

5 statutes, case law and local rules, hereby moves this Court for an order:

6        1)  to compel discovery;

7        2)  to file further motions.

8        These motions are based upon the instant motions and notice of

9 motions, the attached statement of facts and memorandum of points and

10 authorities, and any and all other materials that may come to this

11 Court's attention at the time of the hearing on these motions.

12                              Respectfully submitted,

13

14 Dated: August 4, 2008            /s/ Gary P. Burcham
                                   GARY P. BURCHAM
15                                 Attorney for Jose Alberto Villasenor

16

17

18

19

20

21

22

23

24

25

26

27

28

08CR2205-MLH

<pre>
 1                   UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3  UNITED STATES OF AMERICA,      )   U.S.D.C. No. 08CR2205-MLH
                                   )
 4            Plaintiff-Appellee,  )   CERTIFICATE OF SERVICE
    v.                             )
 5                                 )
    JOSE ALBERTO VILLASENOR,       )
 6                                 )
              Defendant-Appellant. )
 7  _____)

 8       IT IS HEREBY CERTIFIED THAT:

 9       I, GARY P. BURCHAM, am a citizen of the United States and am at

10  least eighteen years of age.  My business address is 964 Fifth Avenue,

11  Suite 300, San Diego, CA 92101.

12       I am not a party to the above-entitled action.  I have caused

13  service of Defendant's Motion For Discovery and For Leave To File Further

14  Motions on the following party or parties by electronically filing the

15  foregoing with the Clerk of the District Court using its ECF System,

16  which electronically notifies him/her.

17  **Luella Caldito, Esq.**
    **Assistant United States Attorney**
18  **Border Crimes Unit**
    **880 Front Street**
19  **San Diego, CA 92101**

20
         I declare under penalty of perjury that the foregoing is true and
21
    correct.
22
    Executed on August 4, 2008.
23

24                                    /s/ Gary P. Burcham
                                      GARY P. BURCHAM
25

26

27

28
</pre>

08CR2205-MLH

1 GARY P. BURCHAM
  California Bar No. 190780
2 964 Fifth Avenue; Suite 300
  San Diego, CA 92101
3 Telephone:  (619) 699-5930

4 Attorney for Jose Alberto Villasenor

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                  (HONORABLE MARILYN L. HUFF)

11 UNITED STATES OF AMERICA,      )  Case No. 08CR2205-MLH
                                  )
12          Plaintiff,            )
                                  )  **STATEMENT OF FACTS AND**
13 v.                             )  **MEMORANDUM OF POINTS AND**
                                  )  **AUTHORITIES IN SUPPORT**
14 JOSE ALBERTO VILLASENOR,       )  **OF DEFENDANT'S MOTIONS**
                                  )
15          Defendant.            )
                                  )
16

17                    **STATEMENT OF FACTS**

18          The following statement of facts is based, in part, on materials

19 received from the government.  Mr. Villasenor does not accept this

20 statement of facts as his own, and reserves the right to take a contrary

21 position at motions hearing and trial.  The facts alleged in these motions

22 are subject to amplification and/or modification at the time these motions

23 are heard.

24          In an indictment filed in July 2008, Mr. Villasenor was charged

25 with importing cocaine, in violation of 21 U.S.C. §§ 952 and 960, and

26 possessing cocaine with the intent to distribute, in violation of 21

27 U.S.C. § 841(a)(1).  The discovery provided thus far indicates that Mr.

28 Villasenor was driving a 2002 Chrysler PT Cruiser on Imperial Avenue in

1 Calexico, CA when a pretextual stop of the vehicle was ordered by CBP

2 Special Agents.  Following this stop, a narcotic-detector dog alerted to

3 the vehicle and nearly 17 kilograms of cocaine was found secreted in

4 secret compartments in the vehicle.  Mr. Villasenor denied any knowledge

5 of the cocaine in his port-arrest statement.

6                                    **I.**

7                     **MOTION TO COMPEL DISCOVERY**

8            Thus far, Mr. Villasenor has received 123 pages of written

9 discovery in this case, as well as one CD-ROM.  In addition to these items

10 that already have been produced, Mr. Villasenor also moves for the

11 production by the government of the following items.  This request is not

12 limited to those items that the prosecutor knows of, but rather includes

13 all discovery listed below that is in the custody, control, care, or

14 knowledge of any "closely related investigative [or other] agencies" under

15 United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

16            (1)  The Defendant's Statements.  Under Fed. R. Crim. P. 16

17 (a)(1)(A) the defendant is entitled to disclosure all copies of any

18 written or recorded statements made by the defendant; the substance of any

19 statements made by the defendant which the government intends to offer in

20 evidence at trial; any recorded testimony of the defendant before the

21 grand jury; any response by the defendant to interrogation; the substance

22 of any oral statements which the government intends to introduce at trial,

23 and any written summaries of the defendant's oral statements contained in

24 the handwritten notes of the government agent; any response to any Miranda

25 warnings which may have been given to the defendant (see United States v.

26 McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the

27 defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).  The

28 Advisory Committee Notes as well as the 1991 amendments to Rule 16 make

1 it clear that the Government must reveal all the defendant's statements,

2 whether oral or written regardless of whether the Government intends to

3 introduce those statements;

4            (2) <u>Arrest Reports, Notes and Dispatch Tapes</u>.   The defendant

5 also specifically requests that all arrest reports, notes and dispatch or

6 any other tapes that relate to the circumstances surrounding his arrest

7 or any questioning, if such reports have not already been produced in

8 their entirety, be turned over to him.  This request includes, but is not

9 limited to, any rough notes, records, reports, transcripts or other

10 documents in which statements of the defendant or any other discoverable

11 material is contained.  This is all discoverable under Fed. R. Crim. P.

12 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  <u>See also</u> <u>United</u>

13 <u>States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975); <u>United States v. Lewis</u>,

14 511 F.2d 798 (D.C. Cir. 1975); <u>United States v. Pilnick</u>, 267 F. Supp. 791

15 (S.D.N.Y. 1967); <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968).

16 Arrest reports, investigator's notes, memos from arresting officers,

17 dispatch tapes, sworn statements, and prosecution reports pertaining to

18 the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C),

19 Fed. R. Crim. P. 26.2 and 12(I);

20            (3) <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to

21 Fed. R. Crim. P. 16(D), the defendant requests the reports of all tests

22 and examinations conducted upon the evidence in this case, including but

23 not limited to the scientific chemical testing done upon the drugs seized

24 in this case to determine if it was indeed marijuana and any fingerprint

25 testing done upon any evidence seized in this case, that is within the

26 possession, custody, or control of the government, the existence of which

27 is known, or by the exercise of due diligence may become known, to the

28 attorney for the government, and which are material to the preparation of

1 the defense or are intended for use by the government as evidence in chief

2 at the trial;

3          (4) <u>Brady Material</u>.  The defendant requests all documents,

4 statements, agents' reports, and tangible evidence favorable to the

5 defendant on the issue of guilt and/or which affects the credibility of

6 the government's case.  Impeachment as well as exculpatory evidence falls

7 within <u>Brady's</u> definition of evidence favorable to the accused. <u>United</u>

8 <u>States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S.

9 97 (1976);

10          (5) <u>Any Information that May Result in a Lower Sentence under</u>

11 <u>the United States Sentencing Guidelines (U.S.S.G.)</u>.  As discussed above,

12 this information is discoverable under <u>Brady v. Maryland</u>.  This request

13 includes any cooperation or attempted cooperation by the defendant, as

14 well as any information that could affect any base offense level or

15 specific offense characteristic under Chapter Two of the U.S.S.G.  Also

16 included in this request is any information relevant to a Chapter Three

17 adjustment, a determination of the defendant's criminal history, or any

18 other application of the U.S.S.G.;

19          (6)  <u>The Defendant's Prior Record</u>.  Evidence of prior record is

20 available under Fed. R. Crim. P. 16(a)(1)(B);

21          (7) <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar

22 acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid.

23 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of

24 the accused, the prosecution . . . shall provide reasonable notice in

25 advance of trial . . . of the general nature . . ." of any evidence the

26 government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The

27 defendant requests that such notice be given three weeks before trial in

28 order to give the defense time to adequately investigate and prepare for

1  trial;

2        (8) <u>Evidence Seized</u>.  Evidence seized as a result of any search,

3  either warrantless or with a warrant, is discoverable under Fed. R. Crim.

4  P. 16(a)(1)(C); the defendant specifically requests that all dispatch

5  tapes or any other physical evidence that may be destroyed, lost, or

6  otherwise put out of the possession, custody, or care of the government

7  and which relate to the arrest or the events leading to the arrest in this

8  case be preserved.  This request includes, but is not limited to, any

9  samples used to run any scientific tests, any narcotics, and any evidence

10 seized from any third party.  It is requested that the government be

11 ordered to <u>question</u> all the agencies and individuals involved in the

12 prosecution and investigation of this case to determine if such evidence

13 exists, and if it does exist, to inform those parties to preserve any such

14 evidence;

15       (9) <u>Tangible Objects</u>.  The defendant requests, under Fed. R.

16 Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test,

17 if necessary, all other documents and tangible objects, including

18 photographs, books, papers, documents, photographs, of building or places

19 or copies of portions thereof which are material to the defense or

20 intended for use in the government's case-in-chief, or were obtained from

21 or belong to the defendant;

22       (10) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests

23 any evidence that any prospective government witness is biased or

24 prejudiced against the defendant, or has a motive to falsify or distort

25 his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United</u>

26 <u>States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

27       (11) <u>Impeachment Evidence</u>.  The defendant requests any evidence

28 that any prospective government witness has engaged in any criminal act,

1 whether or not resulting in a conviction, and whether any witness has made

2 a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and

3 613. Such evidence is discoverable under <u>Brady v. Maryland</u>.  <u>See</u> <u>Strifler</u>

4 (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir.

5 1965) (evidence that detracts from a witness' credibility);

6          (12) <u>Evidence of Criminal Investigation of Any Government</u>

7 <u>Witness</u>.  The defendant requests any evidence that any prospective witness

8 is under investigation by federal, state or local authorities for any

9 criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert.</u>

10 <u>denied</u>, 474 U.S. 945 (1985);

11          (13) <u>Evidence Affecting Perception, Recollection, Ability to</u>

12 <u>Communicate, or Truth Telling</u>.  The defense requests any evidence,

13 including any medical or psychiatric report or evaluation, tending to show

14 that any prospective witness' ability to perceive, remember, communicate,

15 or tell the truth is impaired; and any evidence that a witness has ever

16 used narcotics or other controlled substance, or has ever been an

17 alcoholic.  <u>Strifler</u>; <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th

18 Cir. 1980);

19          (14) <u>Witness Addresses</u>.  The defendant requests the name and

20 last known address of each prospective government witness.  <u>See</u> <u>United</u>

21 <u>States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>,

22 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses

23 by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181

24 (9th Cir. 1979) (defense has equal right to talk to witnesses).  The

25 defendant also requests the name and last known address of every witness

26 to the crime or crimes charged (or any of the overt acts committed in

27 furtherance thereof) who will <u>not</u> be called as a government witness.

28 <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984);

1          (15) <u>Name of Witnesses Favorable to the Defendant</u>.    The

2 defendant requests the name of any witness who made an arguably favorable

3 statement concerning the defendant or who could not identify him or who

4 was unsure of his identity, or participation in the crime charged.

5 <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North</u>

6 <u>Carolina</u>; <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v.</u>

7 <u>Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086

8 (1980);

9          (16) <u>Statements Relevant to the Defense</u>.  The defendant requests

10 disclosure of any statement that may be "relevant to any possible defense

11 or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d

12 1105 (9th Cir. 1982);

13          (17) <u>Jencks Act Material</u>.  The defense requests all material to

14 which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500,

15 reasonably in advance of trial, including dispatch tapes.  A verbal

16 acknowledgment that "rough" notes constitute an accurate account of the

17 witness' interview is sufficient for the report or notes to qualify as a

18 statement under §3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-

19 92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991),

20 the Ninth Circuit held that when an agent goes over interview notes with

21 the subject of the interview the notes are then subject to the Jencks Act.

22 The defense requests pre-trial production of <u>Jencks</u> material to expedite

23 cross-examination and to avoid lengthy recesses during trial;

24          (18) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>,

25 405 U.S. 150 (1972), the defendant requests all statements and/or

26 promises, express or implied, made to any government witnesses, in

27 exchange for their testimony in this case, and all other information which

28 could arguably be used for the impeachment of any government witnesses;

1              (19)  Personnel Records of Government Officers Involved in the

2 Arrest.  The defendant requests all citizen complaints and other related

3 internal affairs documents involving any of the immigration officers or

4 other law enforcement officers who were involved in the investigation,

5 arrest and interrogation of him, pursuant to Pitchess v. Superior Court,

6 11 Cal.3d 531, 539 (1974).  Because of the sensitive nature of these

7 documents, defense counsel will not be able to procure them from any other

8 source;

9              (20) Government Examination of Law Enforcement Personnel Files.

10 The defendant requests that the government examine the personnel files and

11 any other files within its custody, care or control, or which could be

12 obtained by the government, for all testifying witnesses, including

13 testifying officers.  The defendant requests that these files be reviewed

14 by the government attorney for evidence of perjurious conduct or other

15 like dishonesty, or any other material relevant to impeachment, or any

16 information that is exculpatory, pursuant to its duty under United States

17 v. Henthorn, 931 F.2d 29 (9th Cir. 1991), cert. denied, 503 U.S. 972

18 (1992).  The obligation to examine files arises by virtue of the defense

19 making a demand for their review:  the Ninth Circuit in Henthorn remanded

20 for in camera review of the agents' files because the government failed

21 to examine the files of agents who testified at trial.  This Court should

22 therefore order the government to review all such files for all testifying

23 witnesses and turn over any material relevant to impeachment or that is

24 exculpatory to the defendant prior to trial.  The defendant specifically

25 requests that the prosecutor, not the law enforcement officers, review the

26 files in this case.  The duty to review the files, under Henthorn, should

27 be the prosecutor's and not the officers'.  Only the prosecutor has the

28 legal knowledge and ethical obligations to fully comply with this request.

1    (21)  <u>Notice and a Written Summary of Any Expert Testimony</u>.
2 Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's
3 request, the government shall disclose to the defendant a written summary
4 of testimony the government intends to use under Rules 702, 703 or 705 of
5 the Federal Rules of Evidence during its case-in-chief at trial.  This
6 summary must describe the witness' opinions, the basis and the reasons
7 therefore, and the witness' qualifications."  The defendant also
8 specifically requests the government give him a written summary and notice
9 of any expert testimony the government intends to introduce.

10                                    **II.**

11              **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

12          Mr. Villasenor will file a motion to suppress evidence in this
13 case alleging that the initial stop of the vehicle, and the execution of
14 the stop, were both violative of the Fourth Amendment.  Before Mr.
15 Villasenor can file this motion, however, he needs to complete his
16 investigation of this case.  Counsel for Mr. Villasenor has viewed and
17 photographed the vehicle, but has yet to investigate and photograph the
18 locations in Calexico, CA that relate to this case.  Mr. Villasenor
19 therefore requests the opportunity to file further motions based upon
20 information gained from the discovery requested herein and from the
21 additional investigation that is forthcoming.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1

**III.**

2

**CONCLUSION**

3       For the foregoing reasons, it is respectfully requested that the

4  Court grant the above motions.

5

6                                    Respectfully submitted,

7                                    /s/ Gary P. Burcham
   Dated: August 4, 2008            GARY P. BURCHAM
8                                    Attorney for Jose Alberto Villasenor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28